UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL D. HILL )<br>Lieutenant Colonel, USAR, Retired )<br>1600 N. Oak Street #1230 )<br>Arlington, VA 22209 )<br>   )<br>  Plaintiff, )<br>   )<br>v. )<br>   )<br>Preston M. Geren, III, Secretary of the Army )<br>101 Army Pentagon )<br>Washington, DC 20310-0101 )<br>   )<br>  Defendant. ) | C.A. No. _____ |

## COMPLAINT

1.  This action seeks review of the August 21, 2007, decision of the Army Board for Correction of Military Records (ABCMR), acting for the Secretary of the Army, denying the plaintiff's application to the ABCMR. The decision is a final agency decision under the Administrative Procedures Act (APA), 5 U.S.C. § 701, *et. seq.*

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court has personal jurisdiction over the parties pursuant to 5 U.S.C. § 702. This case presents a federal question pursuant to 5 U.S.C. § 701, *et. seq.*

3.  Venue lies in this district pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1402(a)(2).

## PARTIES

4. Plaintiff is an applicant adversely affected by a final agency action of the ABCMR.

5. Defendant, the Honorable Preston M. Geren, III, is the Secretary of the Army and is the named defendant in his official capacity only. Because he is the official with final authority for correction of records within the Department of the Army, he is the proper defendant for a cause of action under the APA.

## FACTS

6. Plaintiff was ordered to active duty in Active Guard Reserve (AGR) status effective February 24, 1982, as a member of the Army National Guard, with prior commissioned service in the U.S. Air Force.

7. Plaintiff was promoted to lieutenant colonel in the Army National Guard effective June 6, 1990. He was separated from the Guam Army National Guard and appointed in the New York Army National Guard (NYARNG), as a lieutenant colonel, effective October 3, 1991.

8. Plaintiff was considered and selected for promotion to colonel by the 1994 Reserve Component Selection Board (RCSB) that convened on July 19, 1994, and recessed on August 19, 1994.

9. The National Guard Bureau (NGB) notified plaintiff on October 18, 1994, of his retirement computation for purposes of voluntary retirement.

10. Plaintiff was issued Order Number 41-1, dated October 18, 1994, indicating his "voluntary" retirement from active service and placement on the retired list with an effective date of January 31, 1995, with 22 years and 8 days active service.

11. The NGB issued NGB Form 22 (Report of Separation and Record of Service) separating plaintiff from the NYARNG, with an effective date of November 14, 1994, and transferring him

to the U.S. Army Reserve Control Group (Retired), a Group that is administratively responsible for Army reservists who are pending retirement or who are actually retired.

12. The Office of Promotions, Reserve Components, Human Resources Command, St, Louis, Missouri, verified that the board results of the 1994 Colonel RCSB, were released publicly within the Army on November 17, 1994, and then forwarded to the U.S. Senate for confirmation.

13. The NGB issued a memorandum to the Adjutant General, NYARNG, dated January 4, 1995, recommending promotion of plaintiff to colonel in the Army National Guard.

14. On January 20, 1995, the NYARNG, submitted a promotion package recommending approval of plaintiff's promotion to colonel.

15. Order Number 16-44, dated January 25, 1995, was issued by the Office of the Adjutant General, NYARNG, indicating plaintiff's promotion to colonel effective January 25, 1995.

16. On January 31, 1995, plaintiff was separated from active duty for "Sufficient Service for Retirement" citing the provisions of Army Regulation 635-100, Chapter 4. He was transferred to the Retired Reserve list effective February 1, 1995.

17. The Office of Promotions, Reserve Components, Human Resources Command, St. Louis, Missouri, verified that the board results of the 1994 Colonel RCSB received Senate confirmation on February 6, 1995.

18. Although confirmed by the Senate, plaintiff's promotion was never finalized and he was never promoted to colonel.

19. On April 17, 1995, the Director, Army Personnel, NYARNG, notified the NGB Personnel Division that the NGB had requested the State to promote plaintiff to the grade of colonel for retirement purposes as he departed the AGR program. The NYARNG enclosed a memorandum from a career counselor of their Plans and Actions Branch suggesting plaintiff

3

could not legally be promoted to colonel prior to his retirement date as the promotion list that he was on was not confirmed by the Senate until after he retired. The memorandum also indicated "special action" was required to effect such a promotion.

20.     By application dated December 28, 2006, plaintiff requested the ABCMR to correct his military records to reflect his promotion to colonel because he was denied the opportunity to delay his retirement until promoted and to serve as a colonel in the Army Reserve. Plaintiff also alleged that Army regulations would have permitted the NGB to transfer plaintiff to the Individual Ready Reserve (IRR) where plaintiff would have had the option of meeting the necessary prerequisites to retire in the grade of colonel, but instead, the NGB retired him. He asked to be granted a waiver to return to the IRR so he could qualify for the promotion to colonel that was denied him by virtue of his voluntary retirement.

21.     In response to an ABCMR request for an advisory opinion, on July 2, 2007, the NGB recommended to the ABCMR correction of plaintiff's military records by promoting plaintiff to colonel effective January 31, 1995.

22.     Plaintiff was provided an opportunity to respond to the NGB advisory opinion. Plaintiff provided a written response to the ABCMR on July 10, 2007, agreeing with the advisory opinion's recommendation to promote plaintiff. Plaintiff also informed the ABCMR that at the time he was selected for promotion, the NGB failed to properly notify plaintiff of his selection for promotion to colonel as required by Army regulations. He also alleged that the NGB failed to consider a delay of plaintiff's retirement as permitted by Army regulations. This option would have given plaintiff an opportunity to complete all administrative and statutory requirements necessary to retire in the higher grade of colonel. Plaintiff further alleged that either the NGB

was unaware of the mandates of Army regulations concerning plaintiff's selection to colonel and his pending retirement, or the NGB chose to ignore those Army regulations.

23.    In the "Discussion and Conclusions" section of its August 16, 2007, decision, the ABCMR rejected the NGB's recommendation. In doing so, however, it failed to either discuss or analyze competing Army regulations, specifically brought to the attention of the ABCMR, that would have produced different outcomes. Although there were three possibilities for dealing with plaintiff's situation, the ABCMR limited its analysis to only one and failed to reconcile the competing alternatives.

24.    In its decision, the ABCMR stated that plaintiff was not entitled to promotion to colonel because he had completed 20 years of active Federal service and was transferred to the Retired Reserve prior to the promotion being finalized. The ABMCR suggested that plaintiff's retirement was mandatory based upon a policy to "separate" officers in plaintiff's situation who have more than 20 years of active duty.

25.    The ABCMR, however failed to discuss or analyze an Army regulation that permitted plaintiff to delay his retirement, based upon his selection for promotion and thus be eligible for promotion to colonel because his separation from the AGR program would no longer be mandated after 20 years of service.

26.    The ABCMR also failed to discuss or analyze an Army regulation that permitted plaintiff to be "separated" from the AGR program and transferred to the IRR and be promoted to colonel while serving in IRR status.

## COUNT ONE

27.  The allegations contained in paragraphs 6 through 26 are incorporated herein by reference.

28.  The decision of the ABCMR on August 16, 2007, acting for the Secretary of the Army, is arbitrary and capricious. Specifically, the ABCMR failed to discuss and reconcile the facts indicating plaintiff's retirement was mandatory and his promotion was not final prior to the retirement with the other separation options available to the Army at the time. The ABCMR entirely omitted any discussion of the NGB's failure under Army regulations to delay plaintiff's retirement to permit the promotion prerequisites to be completed or to transfer plaintiff to the IRR to give him further opportunities to serve as a colonel and qualify for retirement in the higher grade. When the ABCMR failed to examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made, and further, when it entirely failed to consider important aspects of the case presented to it by the plaintiff, the ABCMR's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; and unsupported by substantial evidence, all within the authority of a reviewing court to remedy under the APA, 5 U.S.C. § 706.

## REQUEST FOR RELIEF

29.  WHEREFORE, plaintiff prays that this Court:

   a)   Set aside or vacate the August 16, 2007, decision of the ABCMR, and

   b)   Remand the plaintiff's application to the ABCMR with instructions to readjudicate the plaintiff's application and to provide a statement of reasons or basis that will allow plaintiff and a reviewing Court to understand the basis for its decision by examining the relevant data and articulating a satisfactory explanation

   for its action including a rational connection between the facts found and the choice made, and by considering all aspects of the case presented to it by the plaintiff, and

c) Any other appropriate relief deemed necessary by this Court, and

d) When properly requested, award plaintiff payment of all costs and reasonable attorney fees incurred to prosecute this action.

           Respectfully submitted,

           /s/  Grant Lattin_____
           Grant Lattin, DC Bar No. 436051
           Lattin & Bednar, LLP
           11970 Shorewood Court
           Woodbridge, Virginia   22192
           Tel:  703-490-0000
           Fax: 703-991-0454

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Michael D. Hill

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Preston M. Geren, III, Secretary of the Army

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Grant E. Lattin
Lattin & Bednar, LLP
11970 Shorewood Court,
Woodbridge, VA 22192
703-490-0000

Case: 1:07-cv-02085
Assigned To : Huvelle, Ellen S.
Assign. Date : 11/13/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U S Government Plaintiff
- ⦿ 2 U S Government Defendant
- ○ 3 Federal Question (U S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ⦿ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Administrative Procedure Act, 5 USC 701, et seq. Judicial review of agency action.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23    DEMAND $ Waived    Check YES only if demanded in complaint  JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form

DATE November 12, 2007 /13/    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed Listed below are tips for completing the civil cover sheet These tips coincide with the Roman Numerals on the Cover Sheet

    I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence Use 11001 to indicate plaintiff is resident of Washington, D C , 88888 if plaintiff is resident of the United States but not of Washington, D C , and 99999 if plaintiff is outside the United States

    III.    CITIZENSHIP OF PRINCIPAL PARTIES This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint You may select only <u>one</u> category You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case

    VI.    CAUSE OF ACTION Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause

    VIII.    RELATED CASES, IF ANY If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form