UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL D. HILL )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PRESTON M. GEREN, III )<br>)<br>Defendant. )<br>) | C.A. No.  07-2085 (ESH) |

### RESPONSE TO JANUARY 18, 2008, COURT ORDER
### AND
### CONSENT MOTION TO RETURN CASE TO THE COURT'S ACTIVE DOCKET
### AND TO STAY PROCEEDINGS FOR 30 DAYS

On January 18, 2008, the court granted the defendant's consent motion to voluntarily withdraw the final agency decision denying plaintiff's request for relief at the Army Board for Correction of Military Records (ABCMR) and remand this action to the ABCMR to reconsider its decision. Pursuant to the remand, within 30 days after the ABCMR decision issued its decision on reconsideration, the parties were to file a copy of the ABCMR decision and notify the Court of the parties' positions of whether this case had become moot in light of the ABCMR decision on reconsideration or whether it should be placed on the Court's active docket.

In a letter dated May 20, 2008, the ABCMR announced that it had issued its decision on reconsideration and that the ABCMR had again denied the relief sought by plaintiff. Counsel for plaintiff received notice of the decision on May 28, 2008. The ABCMR decision is attached as exhibit 1.

Pursuant to the Court's order, plaintiff represents that the parties have conferred and agree that the case is not moot. In addition, defendant consents to plaintiff's motion to return the case to the Court's active docket and to stay further proceedings for 30 days in order for plaintiff to amend his complaint in light of the ABCMR's new decision on reconsideration.

        Respectfully submitted,

/s_____
Raymond J. Toney (NY0066)
The Law Office of Raymond J. Toney
404 Park Avenue South, 14th Floor
New York, NY 10016-8403
212-686-3434 Ext. 206 (Office)
718-504-4735 (Fax)
Email: rjtoney@rjtlaw.net

Richard A. Bednar
Law Office of Richard A. Bednar
12107 Park Shore Ct.
Woodbridge, VA 22192-2217
703-490-0000 (Office)
703-991-0454 (Fax)
Email: rbednar@byu.net



# DEPARTMENT OF THE ARMY
### BOARD FOR CORRECTION OF MILITARY RECORDS
### 1901 SOUTH BELL STREET 2ND FLOOR
### ARLINGTON, VA 22202-4508

May 20, 2008

AR20080001732, Hill, Michael D.

LTC Michael D. Hill
Attn: AHRC-PED
200 Stovall Street Suite 4533
Alexandria VA 22332

Dear Colonel Hill:

Pursuant to your request for reconsideration of ABCMR Docket Number AR2007000376, the Army Board for Correction of Military Records (ABCMR) reconsidered your case on May 13, 2008. I regret to inform you that the Board denied your request for relief. A copy of the Board's Record of Proceedings which explains the Board's reasons for denying your request is enclosed. This decision in your case is final.

Paragraph 2-15b of Army Regulation 15-185 governs requests for reconsideration by the ABCMR. This regulation allows an applicant to request reconsideration of an earlier ABCMR decision only if the request is received within one year of the original decision and it has not already been reconsidered.

Since your request has now been reconsidered, you are not eligible for further reconsideration of this same matter by this Board. However, you have the option to seek relief in a court of appropriate jurisdiction.

Sincerely,

Catherine C. Mitrano
Director, Army Board for Correction
of Military Records

Enclosure

Exhibit 1
Page 1


Printed on Recycled Paper



**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

## RECORD OF PROCEEDINGS

IN THE CASE OF:   HILL, MICHAEL D.

BOARD DATE:    13 May 2008
DOCKET NUMBER: AR20080001732

    I certify that hereinafter is recorded the true and complete record of the proceedings of the Army Board for Correction of Military Records in the case of the above-named individual.

| | |
|---|---|
| Ms. Catherine C. Mitrano | Director |
| Mrs. Nancy L. Amos | Analyst |

The following members, a quorum, were present:

| | |
|---|---|
| Mr. John E. Denning | Chairperson |
| Mr. Edward E. Montgomery | Member |
| Ms. Rea M. Nuppenau | Member |

Exhibit A - Application for correction of military records.

Exhibit B - Military Personnel Records (including advisory opinion, if any).

Exhibit 1
Page 2

ABCMR Record of Proceedings (cont)                                AR20080001732

THE APPLICANT'S REQUEST, STATEMENT, AND EVIDENCE:

1. The applicant requests, through a voluntary court remand, reconsideration of his earlier request that his records be corrected to show he was promoted to colonel (COL), O-6 with an effective date of 31 January 1995 and to show that he was placed on the Retired List in that grade.

2. In a new statement with this court remand, the applicant requests that he be promoted to COL effective 5 June 1995 and that his service record be corrected to "accurately reflect the granted date of rank." He states that he is not requesting and he specifically waives any entitlement to retired back pay for the period from his retirement on 31 January 1995 until he returned to active duty on 14 February 2006.

3. The U. S. District Court for the District of Columbia noted the that applicant alleged he had brought to the attention of the Army Board for Correction of Military Records (ABCMR) three possibilities for dealing with his situation. However, the ABCMR limited its analysis to only one and failed to reconcile the competing alternatives: (1) The ABCMR failed to discuss or analyze an Army regulation that permitted the applicant to delay his retirement based upon his selection for promotion and thus be eligible for promotion to COL because his separation from the Active Guard Reserve (AGR) program would no longer be mandated after 20 years of service; and (2) the ABCMR failed to discuss or analyze an Army regulation that permitted the applicant to be "separated" from the AGR program and transferred to the Individual Ready Reserve (IRR) and be promoted to COL while serving in an IRR status.

4. The applicant states, in his new application, that an officer who has an approved retirement pending and who is subsequently selected for promotion has the option to withdraw his retirement application and accept the promotion per Army Regulation (AR) 635-100, paragraph 4-12e. He retired under the provisions of that regulation.

5. The applicant states, in his new application, that officers are considered recommended for promotion under the provisions of Title 10, U. S. Code, sections 3848b and "3855b," on the date the promotion board adjourns.

6. The applicant states, in his new application, that an officer selected for promotion must: (1) be promoted; (2) transferred to the IRR and be promoted; or (3) retired and promoted per AR 135-155, paragraph 4-18(b).

7. The applicant states, in his new application, that the 14 October 1994 memorandum of promotion stated that if an officer accepts promotion and

ABCMR Record of Proceedings (cont)                        AR20080001732

Federal recognition is not extended in the next higher grade, he will be transferred in his current grade to the U. S. Army Reserve (USAR) and promoted on the day following the termination of Federal recognition. Per AR 140-10, paragraph 5-3c, unless concurrently discharged, Soldiers who are discharged from the Army National Guard (ARNG) remain in the Reserve of the Army. Further, Soldiers may be transferred from the ARNGUS to the IRR without a conditional release to be promoted with assignment to the USAR Control Group (Reinforcement) per National Guard Regulation (NGR) 600-100, paragraph 8-20 and AR 140-10, paragraph 7-12(j).

8. The applicant states, in his new application, that Secretarial Authority granted the National Guard Bureau (NGB) the ability to require the retirement of Soldiers upon completing 20 years of active Federal service (AFS) per NGR 600-5, paragraph 5-4. However, waivers to this policy may be granted and in fact were routinely granted, as was done in his case on 10 March 1994 following his initial 31 December 1993 separation from the New York ARNG (NYARNG).

9. The applicant states, in his new application, that the regulatory authority is clear – when the NYARNG and the NGB were notified of his selection to COL, he should have been immediately notified and offered an opportunity to accept the promotion and remain on active duty. He was not, and he believes he was not due to an error placing him in the Retired Reserve on 14 November 1994 versus 31 January 1995. But for that error, the NGB would have processed the promotion and he would have remained on active duty and subsequently promoted.

CONSIDERATION OF EVIDENCE:

1. Incorporated herein by reference are military records which were summarized in the previous consideration of the applicant's case by the ABCMR in Docket Number AR20070000376 on 16 August 2007.

2. The applicant was born on 31 March 1948. He was commissioned on 21 December 1972. He served in the Regular Air Force from 24 January 1973 through 3 May 1982. He was appointed a captain in the ARNG on 4 May 1982 and entered active duty in an AGR status that date. Orders dated 3 April 1990 released him from attachment to the NGB, U. S. Army Element, Washington, DC and attached him to the NGB, U. S Army Element, Washington, DC with duty at the Office of Joint Planning and Development Group, Pentagon. He was promoted to lieutenant colonel (LTC), O-5 effective 6 June 1990.

3. Orders, dated 24 June 1992, extended the applicant's Title 10 AGR active duty commitment to 31 December 1993.

3

Exhibit 1
Page 4

ABCMR Record of Proceedings (cont)                    AR20080001732

4. Orders, dated 2 June 1993, reassigned the applicant to the transition point with a reporting date of 25 October 1993 and an effective date of retirement of 1 January 1994. These orders were apparently later rescinded/revoked.

5. Orders, dated 10 March 1994, ordered the applicant to active duty in an AGR status for an indefinite period for duty as the Assistant Executive Officer, Vice Chief, NGB, The Pentagon, Washington, DC.

6. The applicant was considered and selected for promotion to COL by the 1994 Reserve Component Selection Board (RCSB) that convened on 19 July 1994. The promotion memorandum (a pre-printed form letter), dated 14 October 1994, stated that his promotion eligibility date (PED) would be 5 June 1995. It also stated, "If officer accepts promotion and Federal recognition is not extended in the next higher grade, he/she will be transferred in his/her current grade to the U. S. Army Reserve on the day following the date of termination of Federal recognition."

7. ABCMR Docket Number AR20070000376, dated 16 August 2007, indicates that the NGB notified the applicant of his retirement computation for voluntary retirement on 18 October 1994.

8. Orders, dated 18 October 1994, retired the applicant from active service effective 31 January 1995 under the provisions of Title 10, U. S. Code, section 3911 and placed him on the Retired List the following day in the rank and grade of LTC, O-5 with 22 years and 8 days of AFS.

9. On 17 November 1994, the results of the 1994 COL RCSB were released and forwarded for Senate confirmation.

10. Office of The Adjutant General, State of New York Orders 223-013, dated 18 November 1994, separated the applicant from the ARNG effective 14 November 1994 and transferred him to the Retired Reserve. These orders were corrected on an unknown date to separate him effective 31 January 1995.

11. An NGB Form 22 (Report of Separation and Record of Service) was issued separating the applicant from the ARNG effective 14 November 1994 and transferring him to the Retired Reserve. This NGB Form 22 was corrected on 27 January 1995 to show he was separated on 31 January 1995.

12. On 4 January 1995, the Assistant Chief, NGB, forwarded a memorandum to The Adjutant General, State of New York, recommending the applicant for promotion to COL with assignment at NGB.

ABCMR Record of Proceedings (cont)                         AR20080001732

13. On 20 January 1995, the NYARNG submitted a promotion packet for approval of the applicant's promotion to COL.

14. Orders, dated 25 January 1995, were issued by the Office of The Adjutant General, NYARNG, promoting the applicant to COL effective 25 January 1995.

15. On 31 January 1995, the applicant was released from active duty for sufficient service for retirement under the provisions of AR 635-100, chapter 4. He had completed 24 years and 8 days of AFS. He was transferred to the Retired Reserve in the rank of LTC.

16. On 6 February 1995, the Senate confirmed the results of the 1994 RCSB.

17. ABCMR Docket Number AR20070000376, dated 16 August 2007, indicates that on 17 April 1995 the Director, Army Personnel, NYARNG, notified the NGB Personnel Division that the NGB had requested the State promote the applicant to the grade of COL for retirement purposes as he had departed the Title 10 Tour Program. The NYARNG enclosed a memorandum from a career counselor with their Plans and Actions Branch that indicated the applicant could not legally be promoted to COL prior to his retirement date as the promotion list he was on was not confirmed by the Senate until after he retired.

18. The applicant was recalled to active duty on or about 19 February 2006 in the rank of LTC. He was scheduled for release from active duty on 18 February 2008.

19. NGR 600-5 (The Active Guard Reserve (AGR) Program Title 32, Full-Time National Guard Duty (FTNGD)), paragraph 5-4 (Retention beyond mandatory release date from Active Federal Service), states in part that, in addition to the provisions of AR 135-18, paragraphs 4-11c and 4-12, requests from adjutants general to retain AGR Soldiers beyond 20 years of AFS must be forwarded to the Chief, NGB, for final determination by the Secretary of the Army. AGR commissioned and warrant officers will retire after completing 20 years AFS unless extended by proper authority.

20. NGR 600-100 (Commissioned Officers – Federal Recognition and Related Personnel Actions), section IV (Promotion of ARNG officers serving on Title 10 AGR tours) provides the procedures for promotion and continuation on active duty of ARNGUS commissioned officers serving on Title 10 AGR tours. Paragraph 8-20 states that, upon selection for assignment and promotion to a position requiring a higher grade, the AGR Management Branch will forward correspondence inviting the State to promote the officer to the next higher grade effective on a specific date. If acceptable, the State will issue orders promoting

ABCMR Record of Proceedings (cont)    AR20080001732

the officer citing this regulation. States are only authorized to promote Title 10 AGR officers and continue them on active duty when the following conditions have been met:

> (1) The officer is eligible and qualified for promotion in accordance with all other provisions of this regulation (Federal recognition board is required unless the officer has been selected for promotion by the Department of the Army Mandatory Selection Board); and

> (2) The officer is serving in a higher graded position and an appropriate grade authorization has been provided to the respective State by the AGR Management Branch, NGB.

21. NGR 600-100, section III (Mandatory Consideration for Promotion), paragraph 8-14, states that ARNG commissioned officers will be mandatorily considered for promotion as Reserve commissioned officers of the Army when they meet minimum promotion service requirements prescribed for the zone of consideration. The provisions of AR 135-155 will apply.

22. AR 135-18 (The Active Guard Reserve (AGR) Program) states, in paragraph 4-11c, that AGR Soldiers covered by the retention provisions of Title 10, U. S. Code, section 1163(d) (a member of a Reserve Component who is on active duty and is within 2 years of becoming eligible for retired pay may not be involuntarily released from that duty before he becomes eligible for that pay) will be retained on active duty or FTNGD until completion of 20 years of qualifying service for an active duty retirement. Paragraph 4-12 states that all AGR officers will be released from active duty or FTNGD when they have attained 20 years and 1 month of qualifying service for an active duty retirement unless they have been approved for voluntary retention.

23. AR 135-155 (Promotion of Commissioned Officers and Warrant Officers other than General Officers), paragraph 4-18b of the version in effect at the time (Update 23, dated 1 September 1994), stated a Reserve officer, on transfer to the Retired Reserve, would be "Transferred in the Reserve grade for which selected for promotion. This is when the transfer is being made because of physical disability, or as a result of completing the number of years of service, or reaching the age at which retirement, transfer to the Retired Reserve, or discharge is required by law."

24. AR 135-155, paragraph 4-8a of the version in effect at the time, stated that a USAR officer who was mandatorily considered and then selected for promotion would be transferred from the unit to the IRR and promoted. Promotion would be

ABCMR Record of Proceedings (cont)                                AR20080001732

not later than 90 days after the receipt of promotion notification or the normal established PED, whichever was later.

25. AR 135-155, paragraph 4-10 of the version in effect at the time, stated that an officer who had been recommended for promotion to the next higher grade must have met several requirements before being promoted. One of the requirements was to have been in an active Reserve status.

26. AR 135-155, paragraph 4-14 of the version in effect at the time, stated that the effective date of promotion of AGR officers would be the latest date shown under paragraph 4-19b(4). (The cite was actually paragraph 4-19d in that version.) Paragraph 4-19d stated that AGR officers would be promoted effective on their PED provided they were attached to a position in the higher grade. An AGR officer who was not attached to a position in the higher grade would be promoted effective on the date of reattachment to a higher graded position or the day after release from AGR status. The PED would then become the date of rank.

27. AR 635-100 (Personnel Separations – Officer Personnel), in effect at the time, section II (Voluntary Retirements), paragraph 4-12e, stated that an officer who had an approved retirement pending, and who subsequently was selected for promotion, had the option to withdraw his or her voluntary retirement application and accept the promotion. Requests would be forwarded through channels to the Commander, U. S. Total Army Personnel Command.

28. AR 140-10 (Assignments, Attachments, Details, and Transfers) paragraph 5-3c of the version in effect at the time, stated that, unless concurrently discharged, Soldiers who were discharged from the ARNG remained Reserve of the Army Soldiers. Paragraph 5-4 stated that Soldiers could be transferred from the ARNGUS to the IRR without a conditional release to be promoted per NGR 600-100, paragraph 8-20.

29. AR 140-10, section II (Exceptions to Removal from Active Status), paragraph 7-12(j) (Exception number 10 (Removal rule 1, Removal from an active status of LTCs and below upon completion of 28 years of commissioned service)) of the version in effect at the time, stated that LTCs recommended by a selection board for promotion to COL would be retained and removal would be governed by all criteria pertaining to the higher grade.

30. Title 10, U. S. Code, section 1370(a)(2) at the time stated that, in order for a commissioned officer to be eligible for voluntary retirement under any provision of this title in a grade above major, that officer must have served on active duty in that grade for not less than three years.

ABCMR Record of Proceedings (cont)                          AR20080001732

31. Title 10, U. S. Code, section 1374(a) at the time the applicant was selected for promotion to COL, stated that a Reserve commissioned officer who was recommended for promotion to a higher Reserve grade or who was found qualified for Federal recognition in a higher Reserve grade and who before being promoted was transferred to the Retired Reserve because of physical disability or as a result of completing the number of years of service or reaching the age at which his retirement, transfer to the Retired Reserve, or discharge was required by law, would be transferred in the grade for which he had been recommended or found qualified for Federal recognition.

32. Title 10, U. S. Code, section 1374 was repealed in its entirety effective 1 December 1994.

33. Title 10, U. S. Code, section 3848 pertains to the separation or transfer to the Retired Reserve of first lieutenants, captains, majors, and LTCs who complete 28 years of commissioned service. Title 10, U. S. Code does not contain a section "385b."

34. Title 10, U. S. Code, section 1370, states that unless entitled to a higher retired grade under some other provision of law, a commissioned officer who retires under any provision of law other than chapter 61 (physical disability) or 67 (retired pay for non-regular service) of this title shall be retired in the highest grade in which he served on active duty satisfactorily for not less than six months.

35. Title 10, U. S. Code, section 1406(c) states that for a member entitled to retired pay under section 3911 the retired pay base is the monthly basic pay of the member's retired grade.

DISCUSSION AND CONCLUSIONS:

1. The applicant contended that an officer who has an approved retirement pending and who is subsequently selected for promotion has the option to withdraw his retirement application and accept the promotion per AR 635-100, paragraph 4-12e, and he retired under the provisions of that regulation.

2. It is acknowledged that the applicant's retirement was voluntary insofar as his retirement was not required by law. However, because the applicant was on active duty in an AGR status his retirement was required by regulation. He had already received at least one waiver to remain on active duty beyond the normal limit of 20 years of AFS. He contended that waivers to the AGR 20-years-of-AFS-and-retire policy were routinely granted, as was done in his case following

ABCMR Record of Proceedings (cont)                          AR20080001732

his initial 31 December 1993 separation from the NYARNG. It appears he was implying that he should have been granted another extension.

3. The applicant was attached to the NGB in Washington, DC, the same attachment he had at the time his earlier waiver was granted. He was not in an outlying organization that may not have been aware that waivers could be granted. As a senior commissioned officer, it is reasonable to believe that he kept himself well-informed concerning his future in the AGR program. If he kept himself well-informed, as a reasonably prudent senior commissioned officer would have done, he should have known that he was not going to be offered any further waivers.

4. The guidance and policies in AR 135-155 concerning mandatory promotions are not complicated. A reasonably prudent officer could have discovered the different requirements for promotion of a USAR unit officer (which an ARNG officer is, by reason of being in a State status and a Reserve of the Army) and an AGR officer and made a career decision accordingly. A reasonably prudent officer could have discovered the chances of his being assigned to an AGR COL position. Therefore, the applicant could have requested transfer back to an ARNG unit before reaching the stage where his retirement would have been mandated by regulation. Then, when he was selected for promotion to COL and if no COL position was available in the ARNG, he could have transferred to the IRR upon reaching his PED in June 1995.

5. Instead, it is presumed that the applicant made an informed decision to remain on active duty in an AGR status with the understanding that if he were to be mandatorily selected for promotion to COL and he was not in a COL position, he would remain an LTC and take the active duty retirement in January 1995 as an LTC.

6. The applicant contended that officers are considered recommended for promotion under the provisions of Title 10, U. S. Code, section 3848b and "385b," on the date the promotion board adjourns. Title 10, U. S. Code, section 3848 pertains to the separation or transfer to the Retired Reserve of first lieutenants, captains, majors, and LTCs who complete 28 years of commissioned service. The applicant was commissioned in December 1973, and he would not have completed 28 years of commissioned service until December 2001. Therefore, section 3843b did not apply to him. Title 10, U. S. Code does not contain a section "385b," and it cannot be determined what section he might have been referring to.

7. The applicant contended that the 14 October 1994 memorandum of promotion stated that if an officer accepts promotion and Federal recognition is not

ABCMR Record of Proceedings (cont)                          AR20080001732

extended in the next higher grade, he will be transferred in his current grade to the USAR and promoted on the day following the termination of Federal recognition. It is acknowledged that the memorandum stated this. However, the memorandum was a pre-printed form letter used for several categories of Reserve officers selected for promotion by a mandatory promotion board.

8. The applicant's PED to COL was 5 June 1995. Paragraph 4-8a of AR 135-155 stated that promotion of a USAR officer who was mandatorily considered and selected would be transferred from the unit to the IRR and promoted. Promotion would be not later than 90 days after the receipt of promotion notification or the normal established PED, whichever was later.

9. However, the applicant was not a USAR officer. He was an ARNG officer on active duty in an AGR status and therefore the requirements for promotion of AGR officers applied. In addition, if he had been a USAR unit officer, he could have been transferred to the IRR to accept the promotion but he could not have accepted the promotion earlier than 5 June 1995. He was already retired and no longer in an active status by that date.

10. Paragraph 4-14 of AR 135-155 stated that the effective date of promotion of AGR officers would be the latest date shown under paragraph 4-19b(4) (i.e., paragraph 4-19d). Paragraph 4-19d stated that AGR officers would be promoted effective on their PED provided they were attached to a position in the higher grade. An AGR officer who was not attached to a position in the higher grade would be promoted effective on the date of reattachment to a higher graded position or the day after release from AGR status. In the applicant's case he was placed in the Retired Reserve, an inactive status, the day after he was released from his AGR status. Again, he was already retired and in an inactive, nonpromotable, status by his PED of 5 June 1995. He did not meet the criteria for promotion to COL as long as he remained in an AGR status.

11. The applicant contended that AR 140-10, paragraph 5-3c, states that, unless concurrently discharged, Soldiers who are discharged from the ARNG remain in the Reserve of the Army and that Soldiers may be transferred from the ARNGUS to the IRR without a conditional release to be promoted with assignment to the USAR Control Group (Reinforcement) per NGR 600-100, paragraph 8-20, and AR 140-10, paragraph 7-12(j).

12. AR 140-10, paragraph 7-12(j), pertains to the removal from an active status of LTCs and below upon completion of 28 years of commissioned service. Since the applicant did not have 28 years of commissioned service and was not removed from an active status for that reason, this paragraph did not apply to him.

ABCMR Record of Proceedings (cont)                    AR20080001732

13. NGR 600-100, paragraph 8-20, is in section IV, which provides the procedures for promotion and continuation on active duty of ARNGUS commissioned officers serving on Title 10 AGR tours. The applicant was not selected for promotion to COL under these provisions. He was selected for promotion by a mandatory selection board, and he was not serving in the higher graded position. Paragraph 8-14 of NGR 600-100 applied, and that section states that the provisions of AR 135-155 will apply. The applicable provisions of AR 135-155 have been noted above, and the applicant did not meet the criteria that would have allowed him to be promoted under those provisions as long as he remained in an AGR status.

14. It appears the NGB may have recommended that the State promote the applicant under the provisions of Title 10, U. S. Code, section 1374(a). ABCMR Docket Number AR20070000376 also noted that a career counselor with the NYARNG's Plans and Actions Branch had indicated the applicant could not legally be promoted to COL prior to his retirement date as the promotion list he was on was not confirmed by the Senate until after he retired. That career counselor may have been aware that Title 10, U. S. Code, section 1374 was repealed effective 1 December 1994. Unfortunately for the applicant, that section was not replaced by a comparable section.

15. Section 1370(d)(3)(D) of Title 10, U. S. Code, would have come the closest to replicating the provisions of section 1374. However, this section also states that the period credited towards meeting the time-in-grade requirements may not include any period before the date on which the Senate provides advice and consent for the appointment of that person in the recommended grade. Again, the applicant retired before the Senate confirmed his promotion.

16. The applicant contended that regulatory authority is clear – when the NYARNG and NGB were notified of his selection to COL, he should have been immediately notified and offered an opportunity to accept the promotion and remain on active duty. As noted above, since he was on active duty in an AGR status in an LTC position, accepting the promotion and remaining on active duty was not an option for him.

BOARD VOTE:

_____  _____  _____  GRANT FULL RELIEF

_____  _____  _____  GRANT PARTIAL RELIEF

_____  _____  _____  GRANT FORMAL HEARING

___EM___  ___/s/___  ___/s/___  DENY APPLICATION

ABCMR Record of Proceedings (cont)                    AR20080001732

BOARD DETERMINATION/RECOMMENDATION:

The evidence presented does not demonstrate the existence of a probable error or injustice. Therefore, the Board determined that the overall merits of this case are insufficient as a basis to amend the decision of the ABCMR set forth in Docket Number AR20070000376 dated 16 August 2007.

_____
CHAIRPERSON