UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL D. HILL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.  07-2085 (ESH) |
| ) | |
| PRESTON M. GEREN, III ) | |
| ) | |
| Defendant. ) | |

FIRST AMENDED COMPLAINT

1. On November 13, 2007, Plaintiff filed a complaint in this Court seeking review of the August 21, 2007, decision of the Army Board for Correction of Military Records (ABCMR) denying Plaintiff's application to correct his military record to reflect his promotion to colonel.

2. On January 18, 2008, this Court granted Defendant's consent motion to voluntarily withdraw the final agency decision denying Plaintiff's request for relief at the ABCMR and remand the action to the ABCMR to reconsider its decision.

3. The ABCMR issued its decision on reconsideration on May 13, 2008.  The ABCMR again denied Plaintiff's request to correct his military record to reflect his promotion to colonel.

4. This action now seeks review of the May 13, 2008, reconsideration decision of the ABCMR, acting for the Secretary of the Army, denying Plaintiff's application to the ABCMR.  The decision is a final agency decision under the Administrative Procedures Action (APA), 5 U.S.C. § 701, *et seq*.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. By filing this complaint in this Court, plaintiff expressly waives any right or entitlement to recover back pay in excess of $10,000.00 (ten thousand dollars) as a remedy in this action. *See* 28 U.S.C. § 1346(a)(2).

6. This Court has personal jurisdiction over the parties pursuant to 5 U.S.C. § 702.

7. This case presents a federal question pursuant to 5 U.S.C. § 701, *et seq*.

8. Venue lies in this District Court pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391(e).

## PARTIES

9. Plaintiff is an applicant adversely affected by a final agency action of the ABCMR.

10. Defendant, the Honorable Preston M. Geren, III, is the Secretary of the Army, and is the named defendant in his official capacity only. Because he is the official with final authority for the correction of records within the Department of the Army, he is the proper defendant for a cause of action under the APA.

## FACTS

11. Plaintiff was ordered to active duty in Active Guard Reserve (AGR) status effective February 24, 1982, as a member of the Army National Guard, with prior commissioned service in the U.S. Air Force.

12. Plaintiff was promoted to lieutenant colonel in the Army National Guard effective June 6, 1990. He was separated from the Guam Army National Guard and appointed in

the New York Army National Guard (NYARNG), as a lieutenant colonel, effective October 3, 1991.

13.   Due to an exception to policy granted by the Chief, National Guard Bureau (NGB), Plaintiff was permitted to remain on Active Duty past twenty (20) years of active Federal service, and was placed in a Lieutenant Colonel/O-5 billet to remain on Active Duty.

14.   Plaintiff was considered and selected for promotion to colonel by the 1994 Reserve Component Selection Board (RCSB) that convened on July 19, 1994, and recessed on August 19, 1994.  Plaintiff did not receive notice of his selection for promotion until late December 2004.

15.   In October 1994, Plaintiff, unaware of his selection for promotion and not having requested an additional waiver/exception to policy to remain on Title 10 Active Duty, requested voluntary retirement.

16.   On October 18, 1994, the NGB notified Plaintiff of his retirement computation for purposes of voluntary retirement.  Order Number 41-1, indicated Plaintiff's "voluntary" retirement from active service and placement on the retired list with an effective date of January 31, 1995, with 22 years and 8 days active service.

17.   The Office of Promotions, Reserve Components, Human Resources Command, St. Louis, Missouri, verified that the board results of the 1994 Colonel RCSB, were released publicly within the Army on November 17, 1994, and then forwarded to the Senate for confirmation.

18.   On November 18, 1994, due to an administrative error, Plaintiff was prematurely separated from Active Duty by the NYARNG and transferred to the United State Army

3

Reserve Control Group by NYARNG Orders 223-013 with an effective date of November 14, 1994.

19.     In late-December 1994, while on transition leave pending his retirement, Plaintiff discovered he had been selected for promotion to the rank of colonel by reading his name in the Army Times newspaper. He immediately contacted the NGB (office code: NGB-ARP), and indicated his affirmative desire to accept his promotion to colonel provided an appropriate billet was available. NGB-ARP stated the promotion could be effected if the necessary paperwork was forwarded to the NYARNG in accordance with Army Regulation 635-100.

20.     On January 4, 1995, Plaintiff submitted the necessary paperwork to the NYARNG requesting promotion in accordance with the NYARNG instructions and Army Regulation 635-100 .

21.     The NGB issued a memorandum to the Adjutant General, NYARNG, dated January 4, 1995, recommending promotion of Plaintiff to colonel in the Army National Guard.

22.     On January 20, 1995, the NYARNG submitted a promotion package recommending approval of Plaintiff's promotion to colonel.

23.     Order Number 16-44, dated January 25, 1995, was issued by the Office of the Adjutant General, NYARNG, indicating Plaintiff's promotion to colonel effective January 25, 1995.

24.     Plaintiff was never informed of this promotion order until it was provided in a 2007 Freedom of Information Act request.

25.     On January 27, 1995, recognizing its error in assigning Plaintiff to the Retired Reserve effective November 14, 2008, the NYARNG hand corrected Military Order Number 223-013 to reflect the correct effective date of Plaintiff's retirement to January 31, 1995.

26.     Due to Plaintiff's premature and erroneous retirement on November 14, 1994, and the hand-corrected retirement military orders on January 27, 1995, all indications to the various offices of the Army and the NGB during this period were that Plaintiff was retired, and could not, therefore, be promoted.

27.     On January 31, 1995, Plaintiff was separated from active duty for "Sufficient Service for Retirement" citing the provisions of AR 635-100, Chapter 4. He was transferred to the Retired Reserve list effective February 1, 1995.

28.     On January 31, 1995, the NYARNG forwarded, as a matter of course, a memorandum of instruction requesting Plaintiff provide necessary documents to ensure his promotion.

29.     The Office of Promotions, Reserve Components, Human Resources Command, St. Louis, Missouri, verified that the board results of the 1994 Colonel RCSB received Senate confirmation on February 6, 1995.

30.     Although confirmed by the Senate, Plaintiff's promotion was never finalized and he was never promoted to colonel.

31.     On April 17, 1995, the Director, Army Personnel, NYARNG, notified the NGB Personnel Division that the NGB had requested the State to promote Plaintiff to the grade of colonel for retirement purposes as he departed the AGR program. The NYARNG enclosed a memorandum from a career counselor of their Plans and Actions Branch

suggesting Plaintiff could not legally be promoted to colonel prior to his retirement date as the promotion list that he was on was not confirmed by the Senate until after he retired. The memorandum also indicated "special action" was required to effect such a promotion.

32. On February 14, 2006, due to his specialized knowledge and skills, Plaintiff was recalled from retirement for further service with the U.S. Army Casualty and Mortuary Affairs Operations Center (CMAOC), U.S. Army Human Resources Command, Alexandria, Virginia.

33. During his time serving with CMAOC, and due to his service at the U.S. Army Human Resources Command, Plaintiff became aware the sequence of events and errors surrounding his selection for promotion to the rank of colonel.

34. On December 28, 2006, Plaintiff submitted an application to the ABCMR to correct his military records to reflect his promotion to colonel. He suggested the correction was appropriate because he was denied the opportunity to delay his retirement until promoted and to serve as a colonel in the Army Reserve. Plaintiff also alleged that Army regulations would have permitted the NGB to transfer Plaintiff to the Individual Ready Reserve (IRR) where Plaintiff would have had the option of meeting the necessary prerequisites to retire in the grade of colonel, but instead, the NGB retired him. He asked to be granted a waiver to return to the IRR so he could qualify for the promotion to colonel that was denied him by virtue of his voluntary retirement.

35. In the course of reviewing Plaintiff's application, the ABCMR requested an advisory opinion from the NGB, the subject matter expert on ARNG officer promotions, regarding the validity and legality of Plaintiff's promotion.

36. On July 2, 2007, NGB provided its opinion recommending that Plaintiff be retroactively promoted to the rank of colonel effective January 31, 1995.

37. Plaintiff was provided an opportunity to respond to the NGB advisory opinion. Plaintiff provided a written response to the ABCMR on July 10, 2007, agreeing with the advisory opinion's recommendation to promote him. Plaintiff also informed the ABCMR that at the time he was selected for promotion, the NGB failed to properly notify Plaintiff of his selection for promotion to colonel as required by Army regulations. He also alleged that the NGB failed to consider a delay of Plaintiff's retirement as permitted by Army regulations. This option would have given Plaintiff an opportunity to complete all administrative and statutory requirements necessary to retire in the higher grade of colonel. Plaintiff further alleged that either the NGB was unaware of the mandates of Army regulations concerning Plaintiff's selection to colonel and his pending retirement, or the NGB chose to ignore those Army regulations.

38. In the "Discussion and Conclusions" section of its August 16, 2007, decision, the ABCMR rejected the NGB advisory opinion recommendation. In doing so, however, it failed to either discuss or analyze competing Army regulations, specifically brought to the attention of the ABCMR, that would have produced different outcomes. Although there were three possibilities for dealing with Plaintiff's situation, the ABCMR limited its analysis to only one and failed to reconcile the competing alternatives.

39. In its decision, the ABCMR stated that Plaintiff was not entitled to promotion to colonel because he had completed 20 years of active Federal service and was transferred to the Retired Reserve prior to the promotion being finalized. The ABCMR suggested

that Plaintiff's retirement was mandatory based upon a policy to "separate" officers in Plaintiff's situation who have more than 20 years of active duty.

40. The ABCMR, however failed to discuss or analyze an Army regulation that permitted Plaintiff to delay his retirement, based upon his selection for promotion and thus be eligible for promotion to colonel because his separation from the AGR program would no longer be mandated after 20 years of service.

41. The ABCMR also failed to discuss or analyze an Army regulation that permitted Plaintiff to be "separated" from the AGR program and transferred to the IRR and be promoted to colonel while serving in IRR status.

42. On November 13, 2007, Plaintiff filed his initial complaint seeking review of the August 21, 2007, decision of the ABCMR.

43. On January 18, 2008, this Court granted Defendant's consent motion to voluntarily withdraw the final agency decision denying Plaintiff's request for relief at the ABCMR and remand this action to the ABCMR to reconsider its decision.

44. On May 13, 2008, the ABCMR issued its decision on reconsideration. The decision again denied Plaintiff's application to correct his military records to reflect his promotion to colonel.

45. Before the ABCMR on reconsideration, Plaintiff submitted argument suggesting that but for administrative errors relating to his premature retirement date and notice of his promotion to colonel, Plaintiff would have had the opportunity to accept the promotion and continue on active service as required by Army regulation.

46.     Plaintiff's argument to the ABCMR on reconsideration also specifically incorporated his previous application for correction of his military records and included the initial application as an attachment.

47.     In its reconsideration decision dated May 20, 2008, the ABCMR acknowledged (1) Plaintiff's argument that when the NYARNG and the NGB were notified of his selection to colonel, he should have been immediately notified and offered an opportunity to accept the promotion and remain on active duty, and (2) that Plaintiff had already received at least one waiver to remain on active duty beyond the normal limit of 20 years of active Federal service for officers in the AGR program.

48.     Although the ABCMR acknowledged Plaintiff's contention that waivers to the AGR twenty years of active Federal service policy were routinely granted, in its reconsideration decision dated May 20, 2008, the ABCMR concluded without discussion, analysis, or citation to authority, that Plaintiff would not be offered any further waivers to this policy.

49.     The reconsideration decision further concluded that despite not being properly notified of his promotion, Plaintiff could not be promoted and could not have rectified any legal impediments to his promotion if given the opportunity to withdraw his retirement and remain on active duty.

COUNT ONE

50.     The allegations contained in paragraphs 1 through 49 are incorporated herein by reference.

51.     The decision of the ABCMR on May 13, 2008, acting for the Secretary of the Army, is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance

with law; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and/or without observance of procedure required by law.

52. Specifically, the ABCMR

    a. failed to discuss or analyze Plaintiff's argument that the combination of the administrative errors relating to his November 14, 1994, retirement date combined with the failure to receive proper notification of his promotion prevented him from taking action necessary to receive his promotion;

    b. failed to discuss, analyze, or cite to any authority for its conclusion that despite not being properly notified of his promotion, Plaintiff could not receive an additional waiver to the AGR twenty years of active Federal service policy;

    c. failed to reconcile the facts with the relevant statutes and regulations existing at the time of Plaintiff's promotion and retirement and account for Plaintiff's ability to take appropriate action in order to accept his promotion.

53. When the ABCMR failed to examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made, and further, when it entirely failed to consider important aspects of the case presented to it by Plaintiff, the ABCMR decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; all within the authority of a reviewing court to remedy under the APA, 5 U.S.C. § 706.

REQUEST FOR RELIEF

53. WHEREFORE, Plaintiff prays this Court:

    a. set aside or vacate the ABCMR decision of May 13, 2008;

      b.      order the United States Army to promote Plaintiff to the rank of colonel effective June 5, 1995, or such other date as the Court directs;

      c.      order any other appropriate relief the Court deems necessary; and

      d.      when properly requested, award Plaintiff payment of all costs and reasonable attorney's fees incurred in prosecuting this action.

      Respectfully submitted,

/s_____  
Richard A. Bednar  
Law Office of Richard A. Bednar  
12107 Park Shore Ct.  
Woodbridge, VA  22192-2217  
703-490-0000 (Office)  
703-991-0454 (Fax)  
Email: Rbednar@ArmedForcesLaw.com

/s_____  
Raymond J. Toney (NY0066)  
The Law Office of Raymond J. Toney  
404 Park Avenue South  
14th Floor New York, NY 10016-8403  
212-686-3434 Ext. 206 (Office)  
718-504-4735 (Fax)  
Email: rjtoney@rjtlaw.net